FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

AUG 04 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMILIANO LOPEZ, | No. 13-17492 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00107-LJO-DLB |
| v. | |
| JAMES A. YATES, Warden; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 21, 2015**

Before:  CANBY, BEA, and MURGUIA, Circuit Judges.

California state prisoner Emiliano Lopez appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011) (dismissal under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We may affirm on any ground supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

Dismissal of Lopez's access-to-courts claim was proper because Lopez failed to allege facts sufficient to show that he suffered an actual injury as a result of any defendants' alleged inaction.  *See Lewis v. Casey*, 518 U.S. 343, 348 (1996) (requiring factual allegations showing actual injury in order to state an access-to-courts claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Lopez's claim regarding the denial of meaningful review of his grievances because there is no constitutional right to receive a particular type of prison grievance review.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for establishing supervisory liability).

**AFFIRMED.**